IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS,<br><br>  Petitioner,<br><br>  vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>  Respondent. | No. C 08-0747 RMW (PR)<br><br>ORDER OF DISMISSAL; DENYING PETITIONER'S MOTIONS AS MOOT<br><br><br><br>(Docket Nos. 2, 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the conditions of his confinement at Salinas Valley State Prison in Soledad, California.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Order of Dismissal
P:\pro-se\sj.rmw\hc.08\Mills747disrem            1

1  The preferred practice in the Ninth Circuit has been that challenges to conditions of
2  confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d
3  573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
4  confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
5  dismissal of habeas petition on basis that challenges to terms and conditions of
6  confinement must be brought in civil rights complaint).
7       Accordingly, the court will dismiss the instant habeas action without prejudice
8  because petitioner's claims do not challenge the duration or legality of his confinement or
9  sentence under § 2254.  Instead, petitioner's claims challenge the conditions of his
10 confinement.  Petitioner's claims are more appropriately addressed in a civil rights
11 complaint pursuant to 42 U.S.C. § 1983.

## CONCLUSION

13 The instant petition for writ of habeas corpus is DISMISSED without prejudice.
14 Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to
15 42 U.S.C. §1983 on the enclosed form.  Petitioner shall include any supporting
16 documentation of his prison appeal with his new complaint as the instant case will be
17 closed.  Petitioner's motion to proceed in forma pauperis and motion for appointment of
18 counsel (docket nos. 2, 3) are DENIED as moot.  The clerk shall terminate all pending
19 motions and close the file.
20     IT IS SO ORDERED.
21 DATED:   2/11/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

This is to certify that on ___2/12/08___, a copy of this ruling was mailed to the following:

Kenneth Wayne Mills
T-19095
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960